IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WES NEWMAN, *individually and on behalf of all others similarly situated*, ) ) ) | |
| Plaintiffs, ) ) | Case No. 1:22-cv-04845 |
| v. ) ) | Judge Elaine Bucklo |
| BENEFYTT TECHNOLOGIES, INC. f/k/a HEALTH INSURANCE INNOVATIONS, INC., TOGETHERHEALTH INSURANCE, LLC, DAYLIGHT BETA PARENT CORPORATION, and MADISON DEARBORN PARTNERS, LLC, ) ) ) ) ) ) ) ) | **ORAL ARGUMENT REQUESTED** |
| Defendant. ) | |

**MADISON DEARBORN PARTNERS, LLC'S**
**MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**

Mark S. Eisen, Esq.
meisen@beneschlaw.com
Paul A. Del Aguila, Esq.
pdelaguila@beneschlaw.com
Jamie N. Ward, Esq.
jward@beneschlaw.com
**BENESCH, FRIEDLANDER,**
**COPLAN & ARONOFF** LLP
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606
Telephone: (312) 212-4949
Facsimile: (312) 767-9192

*Counsel for Madison Dearborn Partners, LLC*

Madison Dearborn Partners, LLC ("MDP"), by and through undersigned counsel, respectfully submits this Memorandum of Law in Support of Its Motion for Judgment on the Pleadings as to Plaintiff's Florida claims.

## **PRELIMINARY STATEMENT**

Plaintiff Wes Newman alleges he is an Illinois resident. Plaintiff alleges he received calls in Illinois. Plaintiff is pursuing claims against an Illinois-based company, MDP. Nevertheless, Plaintiff attempts to pursue *four* claims against MDP under Florida state law. This he cannot do because MDP is not a "telephone solicitor" under the FTSA.[1]

Plaintiff seeks to bring four claims and represent four nationwide classes under the Florida Telemarketing Sales Act ("FTSA"), Fla. Stat. § 501.059, *et seq*. In sum, Plaintiff seeks to bring claims under: (i) Fla. Stat. § 501.059(5), pertaining to internal do-not-call requests, (ii) Fla. Stat. § 501.059(8)(a), pertaining to the alleged use of an autodialer, (iii) Fla. Stat. § 501.059(8)(b), pertaining to caller ID requirements, and (iv) Fla. Stat. § 501.059(2), pertaining to identification requirements. Plaintiff seeks to represent nationwide classes corresponding to each claim.

The FTSA, in sum, applies to telephone solicitors, which the FTSA specifically defines as:

> [A] natural person, firm, organization, partnership, association, or corporation, or a subsidiary or affiliate thereof, ***doing business in this state***, who makes or causes to be made a telephonic sales call . . . .

Fla. Stat. § 501.059(1)(i) (emphasis added). The FTSA, in turn, defines "doing business in this state" to mean "businesses that conduct telephonic sales calls from a location in Florida or from

---

[1] Pursuant to this Court's August 31, 2023 Order, Plaintiff's claims against the co-defendants are stayed pending the bankruptcy of the co-defendants in this case, captioned *In re Benefytt Technologies, Inc.*, Case No. 23-90566 (S.D. Tex. Bankruptcy Court). (Dkt. 114, 115.) This Motion is thus made on behalf of MDP alone. MDP does note, however, that on August 30, 2023, the Chapter 11 Plan was confirmed. *See In re Benefytt Technologies, Inc.*, Case No. 23-90566, Dkt. 481 (S.D. Tex. Bankruptcy Court Aug. 30, 2023). MDP expects, as a result, Plaintiff will be dismissing the fraudulent transfer claim and will be dismissing MDP's co-defendants (all of which were debtors in the bankruptcy) from this case.

other states or nations to consumers located in Florida." *Id.* § 501.059(1)(e). Plaintiff does not allege that MDP meets either element, nor could he. Plaintiff specifically alleges that MDP is based in Chicago, and Plaintiff allegedly received the calls at issue in this District.

Plaintiff's attempt to apply Florida state law to MDP is meritless. The FTSA does not apply to MDP as a matter of law. Judgement should thus be entered in favor of MDP as to Plaintiff's FTSA claims.

## BACKGROUND

Plaintiff filed his FAC on November 21, 2022, naming Benefytt, TogetherHealth, Daylight Beta Parent Corporation and MDP. (Dkt. 22.) This entire case stems from Plaintiff's contention that he received two unsolicited calls in October of 2021 that allegedly advertised Benefytt and TogetherHealth products and services. (*Id.* ¶ 1.) Plaintiff contends that these calls were unlawful because, *inter alia*, he made a do-not-call request to an entity known as Health Advisors of America on July 17, 2019. (*Id.* ¶¶ 42, 43.)[2]

Plaintiff specifically alleges that he lives in Cook County, Illinois, and that "He received the calls at issue in this District." (*Id.* ¶ 5.) Plaintiff contends that "a substantial portion of the events giving rise in this cause of action occurred in this District." (*Id.* ¶ 41.) As it relates to MDP, Plaintiff admits that MDP is a Delaware LLC based in Chicago, and alleges that MDP is "at home" in Chicago. (*Id.* ¶ 15.) Plaintiff alleges that MDP "was responsible for, oversaw, benefitted from . . . and directed the illegal acts and omissions alleged herein *from and in this District*." (*Id.* ¶ 41.)

---

[2] It is inexplicable how Plaintiff could have made such a request ***after*** Health Advisors of America ceased operating. Plaintiff's counsel submitted evidence in the first-filed *Bilek* action that Health Advisors of America ***was not in business in July of 2019***. (*See Bilek v. Nat'l Congress of Employers*, No. 18-cv-03083, Dkt. 489-13 at 53:9-17; 63:17-21 [Health Advisors of America testifying it stopped doing business in May of 2019].) MDP, of course, reserves the right to pursue appropriate remedies should Plaintiff's allegation have been made without appropriate support.

As it relates specifically to Plaintiff's Florida claims against MDP, Plaintiff makes the following assertions relating to the State of Florida:

1. MDP conducted the telemarketing complained of herein through its affiliate Benefytt, within the State of Florida.
2. Defendants (and each of them) conducted the telemarketing alleged herein through Benefytt's Florida location.
3. The calls to Plaintiff and the others within this class either originated in Florida, and/or are the result of Defendants' conscious deliberation, and request that the calls be made from Florida.

(*Id.* ¶¶ 16, 30, 34, 135, 149, 159, 164.) In other words, Plaintiff makes no allegation that MDP itself does business in Florida within the meaning of the FTSA.

Plaintiff brings four claims under the FTSA relating to the two allegedly unlawful calls received in October of 2021—violation of Fla. Stat. §§ 501.059(2), (5), (8)(a), (8)(b). Plaintiff seeks to represent *four* nationwide classes corresponding to his FTSA claims. (*Id.* ¶ 122.)

## DISCUSSION

**I. LEGAL STANDARD.**

A motion for judgment on the pleadings under Rule 12(c) "is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Lodholtz v. York Risk Servs. Grp., Inc.*, 778 F.3d 635, 639 (7th Cir. 2015); *see also W. Bend Mut. Ins. Co. v. Crichton*, 319 F. Supp. 2d 887, 888 (N.D. Ill. 2004) (Bucklo, J.) (same). Under Rule 12(b)(6), courts must dismiss a complaint where it does not "provide enough factual information to 'state a claim to relief that is plausible on its face' and 'raise a right to relief above the speculative level.'" *Thulin v. Shopko Stores Operating Co., LLC*, 771 F.3d 994, 997 (7th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). Courts disregard conclusory allegations and legal conclusions because "a pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

3

There are scenarios in which a 12(c) motion is treated more akin to a summary judgment motion. *See, e.g.*, *Admiral Ins. Co. v. Anderson*, 529 F. Supp. 3d 804, 810 (N.D. Ill. 2021) (Bucklo, J.). The issue at hand here, as detailed below, is essentially one of statutory interpretation, relying solely on the allegations of Plaintiff's Amended Complaint. Courts in this District have treated similar issues as under the 12(b)(6) standard. *See, e.g.*, *Cothron v. White Castle Sys., Inc.*, 477 F. Supp. 3d 723, 727 (N.D. Ill. 2020), *aff'd*, No. 20-3202, 2023 WL 5423269 (7th Cir. Aug. 23, 2023). Whether in this context this Court views the 12(c) motion as an "auxiliary device" to evaluate a Rule 12 defect or under the summary-judgment-style analysis, the outcome is the same here—Plaintiff cannot pursue Florida claims against MDP. *See, e.g.*, *Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir. 1993); Wright & Miller, Federal Practice & Procedure, § 1367.

**II.     JUDGMENT SHOULD BE ENTERED AS TO PLAINTIFF'S FLORIDA CLAIMS.**

Judgement on the pleadings is appropriate here because the FTSA does not, by its own terms, apply to an Illinois-based company that does not (and is not alleged to) "conduct telephonic sales calls from a location in Florida or from other states or nations to consumers located in Florida." Fla. Stat. § 501.059(1)(e). In short, Plaintiff is an alleged Illinois resident, who allegedly received the calls at issue in Illinois, and who is now pursuing an Illinois-based company in MDP. Plaintiff cannot pursue FTSA claims against MDP as a matter of law.

**A.     MDP Does Not Qualify as a Telephone Solicitor.**

As Plaintiff alleges, the FTSA "generally covers calls made by a telephone solicitor . . . ." (Dkt. 22 ¶ 120.) The FTSA defines "telephone solicitor" as "a natural person, firm, organization, partnership, association, or corporation, or a subsidiary or affiliate thereof, ***doing business in this state***, who makes or causes to be made a telephonic sales call . . . ." Fla. Stat. § 501.059(1)(i) (emphasis added). The FTSA, in turn, defines "doing business in this state" to mean "businesses that conduct telephonic sales calls from a location in Florida or from other states or nations to

4

consumers located in Florida." In short, to pursue his FTSA claims against MDP, Plaintiff must allege and establish that *MDP itself* is "doing business in this state" within the meaning of the FTSA. This Plaintiff cannot do.

Each of Plaintiff's claims, as Plaintiff concedes, applies to "telephone solicitors". Subsection 2 of the FTSA applies to "[a]ny *telephone solicitor* who makes an unsolicited telephonic sales call . . . ." Fla. Stat. § 501.059(2) (emphasis added). Subsection 5 of the FTSA applies to "[a] *telephone solicitor*" or other person to whom a do-not-call request is made. Fla. Stat. § 501.059(5) (emphasis added). Subsection 8(a) also applies to telephone solicitors; *see also Fontanez v. Wolverine World Wide, Inc.*, No. 8:22-CV-2538-KKM-TGW, 2022 WL 17959844, at *1 (M.D. Fla. Dec. 27, 2022) (noting subsection (8)(a) applies to telephone solicitors); *Davis v. Coast Dental Servs., LLC*, No. 8:22-CV-941-KKM-TGW, 2022 WL 4217141, at *2 (M.D. Fla. Sept. 13, 2022) (same). Furthermore, Subsection 8(a), as recently amended, prohibits certain "unsolicited telephonic sales calls," which definition in turn incorporates the term "telephone solicitor". Fla. Stat. §§ 501.059(1)(k)(3), (8)(a). Subsection 8(b) imposes certain caller ID requirements where particular caller ID details are "made available by the *telephone solicitor's* carrier," like the name and telephone number of the *telephone solicitor*. Fla. Stat. § 501.059(8)(b) (emphasis added). Lest there be any doubt, the enforcement action provision applies solely to actions against *telephone solicitors*. Fla. Stat. § 501.059(9)(a). The damages provision, as recently amended, also contains a pre-filing requirement that the called party notify a *telephone solicitor* prior to filing suit concerning text messages. Fla. Stat. § 501.059(10)(c).

The FTSA's definitions are clear. A telephone solicitor must itself be "doing business in this state" to be subject to the FTSA. The telephone solicitor definition encompasses "a natural person, firm, organization, partnership, association, or corporation, or a subsidiary or affiliate

5

thereof, doing business in this state . . . ." Fla. Stat. § 501.059(1)(i). Each is subject to the modifier "doing business in this state," and thus each must itself be "conducting telephonic sales calls from a location in Florida or from other states . . . to consumers located in Florida" in order to be covered by the statute. *See* Fla. Stat. § 501.059(1)(e). This result flows directly from the canon of statutory interpretation known as the "series-qualifier canon." Using this canon, "[w]hen there is a straightforward, parallel construction that involves all nouns or verbs in a series, a modifier at the end of the list normally applies to the entire series." *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1169 (2021) (internal quotations and citation omitted); *see also Beach Towing Servs., Inc. v. Sunset Land Assocs., LLC*, 278 So. 3d 857, 861 (Fla. 3d DCA 2019) (same)

> Judge Leinenweber recently confirmed this view as it relates specifically to the FTSA:
>
>> The Court finds that Nat Gen does not qualify as a telephone solicitor under the FTSA. Plaintiff's Complaint does not allege that Nat Gen does business in Florida. Instead, Plaintiff argues that Nat Gen is an affiliate of HST, and therefore qualifies as a telephone solicitor under the statute. The Court does not agree with Plaintiff's reading of the statute. When reading a statute, a modifier at the end of a list generally applies to the entire series. *Facebook, Inc. v. Duguid*, 141 S.Ct. 1163, 1169 (2021). Applying that approach here, any affiliate would also have to be doing business in Florida. The Court could also apply the "rule of the last antecedent," which dictates that a limiting clause would only modify the phrase it immediately follows. *Id.* at 1170. **In either case, the FTSA would require affiliates to be doing business in Florida, meaning that Nat Gen would not qualify as a telephone solicitor.**

*Ailion v. Healthcare Sols. Team, LLC.*, No. 21 C 6231, 2023 WL 2333299, at *5 (N.D. Ill. Mar. 2, 2023) (emphasis added). Judge Leinenweber evaluated similar allegations as made here, and dismissed the FTSA claim. *Id.*

Plaintiff does not allege that MDP itself "does business in [Florida]"—that is, that MDP itself "conduct[s] telephonic sales calls from a location in Florida or from other states . . . to consumers located in Florida." Plaintiff, in fact, specifically alleges that MDP undertook all

6

actions at issue *from Chicago*. (Dkt. 22 ¶ 16.) At best, Plaintiff contends that MDP "conducted the telemarketing complained of herein through its affiliate Benefytt, within the State of Florida." (*Id.* ¶¶ 30, 34.) Even if this were true, and it is not, Plaintiff contends only that MDP is subject to the FTSA as an *affiliate* of Benefytt, which in turn operated in Florida. Nevertheless, the FTSA is clear. Even an "affiliate" must be "doing business in this state." Plaintiff does not contend MDP does, and in fact specifically alleges MDP operates out of Chicago. (*See id.* ¶¶ 16, 41 [alleging MDP operated from and received the alleged benefits of the calls at issue **in this District**].) MDP is thus not a telephone solicitor under the FTSA as a matter of law.

The rationale for requiring an entity subject to the FTSA to be "doing business in [Florida]"—apart from the fact that the plain language of the FTSA compels it—is clear, particularly in light of the facts of this case. A more expansive reading of the statute would create significant commerce clause concerns, regulating conduct as between an Illinois plaintiff and an Illinois-based company over conduct by MDP allegedly taking place in Illinois. *See, e.g.*, *TelTech Sys., Inc. v. McCollum*, No. 08-61664-CIV, 2009 WL 10626585, at *8 (S.D. Fla. July 16, 2009) ("[T]he Court concludes that the Act does, in fact, have the practical effect of regulating commerce that occurs wholly outside the state of Florida. . . . Thus, the Act violates the Commerce Clause" and striking down a Florida caller-ID law).[3] Indeed, the FTSA has been construed narrowly in geographic reach to avoid creating commerce clause concerns. *See Turizo v. Subway Franchisee Advert. Fund Tr. Ltd.*, 603 F. Supp. 3d 1334, 1346 (S.D. Fla. 2022).

It also bears noting that Plaintiff's contention, repeated through each of his FTSA claims, that "[t]he calls to Plaintiff and the others within this class either originated in Florida, and/or are

---

[3] Should this Court deny this Motion, MDP intends to raise preemption concerns in addition to commerce clause concerns.

7

the result of Defendants' conscious deliberation, and request that the calls be made from Florida" is conclusory and must be disregarded. (*See* Dkt. 22 ¶¶ 135, 149, 159, 164); *see also Block Elec. Co., Inc. v. Jozsa*, No. 23 C 795, 2023 WL 4106073, at *2 (N.D. Ill. June 21, 2023) (applying *Iqbal* / *Twombly* standards to a 12(c) motion). Indeed, this Court has already regarded those allegations as conclusory. *Newman v. Benefytt Techs., Inc.*, No. 22 C 4845, 2023 WL 5651738, at *4 (N.D. Ill. Aug. 31, 2023). Furthermore, these conclusory assertions fly in the face of Plaintiff's specific allegation that "MDP conducted the telemarketing complained of herein *through its affiliate Benefytt*, within the State of Florida." (Dkt. 22 ¶ 30.) Plaintiff thus, at best, contends only that Benefytt "does business in [the State of Florida]"—not MDP.

On the basis of Plaintiff's allegations, MDP does not business within the State of Florida, as defined by the FTSA. Accordingly, MDP does not qualify as a telephone solicitor under the FTSA and judgment should be entered as to the FTSA claims in favor of MDP.

B.  **Plaintiff Cannot Expand the FTSA's Reach Through Other Doctrines.**

As a final matter, Plaintiff may contend that MDP can still be liable under the FTSA through other theories of liability. It cannot.

The FTSA's telephone solicitor definition covers the waterfront, applying to "a natural person, firm, organization, partnership, association, or corporation, or a subsidiary or affiliate thereof, ***doing business in this state***, who makes or causes to be made a telephonic sales call." Fla. Stat. § 501.059(1)(i) (emphasis added). By its own terms, the FTSA defines clearly the entities to which it applies. *Id.* It remains clear, though, that the FTSA anchors its reach to "doing business in this state." That is, even an alleged "affiliate" (as Plaintiff contends MDP is) or even an entity that merely "cause[s]" the outreach to be made, must nevertheless be "doing business in this state" to be covered by the FTSA. Plaintiff cannot avoid this requirement.

8

Nor, of course, could Plaintiff brush aside corporate formalities (assuming that was his intent) and attempt to paint MDP as a corporate parent of Benefytt and by that reason pursue Florida claims against it. (*See* Dkt. 22 ¶¶ 37, 89.) Florida adheres to the longstanding rule that "the fact that one corporation 'owns' or is the parent of another does not, by itself, make the parent liable for the torts or breaches of the subsidiary." *Reynolds Am., Inc. v. Gero*, 56 So. 3d 117, 120 (Fla. 3d DCA 2011); *see also Federated Title Insurers, Inc. v. Ward*, 538 So. 2d 890, 891 (Fla. 4th DCA 1989) ("A parent corporation will not be held liable for the actions of its subsidiary unless the subsidiary is deemed to be a mere instrumentality of the parent."). Plaintiff, of course, does not so much attempt to allege that Benefytt is a mere instrumentality of MDP, or even that MDP is in fact the corporate parent. *See Federated Title*, 538 So. 2d at 891 (setting forth the test for establishing a "mere instrumentality").

The simple fact of the matter is that Plaintiff, an alleged *Illinois resident*, is attempting to pursue claims in Illinois, regarding calls allegedly received in Illinois against an Illinois business for alleged conduct taking place in Illinois. The FTSA does not apply to MDP as a matter of law

## CONCLUSION

For the foregoing reasons, MDP respectfully requests the Court to (i) enter judgment as to Plaintiff's FTSA claims in favor of MDP; and (ii) award all other relief it deems equitable and just.

Dated: September 19, 2023            Respectfully submitted,

                                              **BENESCH, FRIEDLANDER,**
                                              **COPLAN & ARONOFF** LLP

                                              By: */s/ Mark S. Eisen*

Mark S. Eisen, Esq.
meisen@beneschlaw.com
Paul A. Del Aguila, Esq.
pdelaguila@beneschlaw.com
Jamie N. Ward, Esq.
jward@beneschlaw.com
BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606
Telephone: (312) 212-4949
Facsimile: (312) 767-9192

*Counsel for Madison Dearborn Partners, LLC*